### FORMAN et al. v. FOWLER.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

BROKERS ⬗88(1)—REALTY BROKERS—ACTION FOR COMMISSION—DISMISSAL OF COMPLAINT.

In an action by realty brokers to recover commissions under defendant's special contract to pay 1 per cent. of all deals in renting defendant's lofts, and to pay half of regular commission if other brokers rented any part of premises, where the uncontradicted evidence showed that the brokers, by mailing circulars, etc., acquainted the business community with the fact that the lofts were for rent, that, though the brokers did not succeed in closing any direct deals for the leasing of the lofts, at least one had been leased, and defendant admitted that the annual rental value of all the lofts amounted to $44,716, the evidence not clearly showing whether they were rented through other brokers, dismissal of the complaint on defendant's motion was improper.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 128, 129; Dec. Dig. ⬗88(1).]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Maurice Forman and another, copartners doing business as M. Forman & Co., against Mabel C. Fowler. From a judgment dismissing the complaint, and awarding judgment to defendant on the merits, plaintiffs appeal. Judgment reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Benjamin A. Hartstein, of New York City, for appellants.
C. H. Withrow, for respondent.

GUY, J. Plaintiffs appeal from a judgment entered herein, dismissing their complaint, and awarding judgment in favor of the defendant on the merits. The action is brought to recover brokers' commissions under a special contract.

One of the plaintiffs testified to the making of an oral agreement between plaintiffs and the defendant, whereby defendant employed plaintiffs to take charge of a loft building in this city belonging to defendant, for the purpose of procuring tenants to fill several vacancies therein; that in the making of said oral agreement defendant stated:

"I will give you charge of this building, and I will also agree to make special arrangements with you, if you will do the right thing by me."

Subsequently defendant confirmed said oral agreement by letter dated March 6, 1914, wherein defendant said:

"I agree to pay you a regular commission of 1 per cent. on all deals consummated on any or part of any of the above premises which come from your office, of leases acceptable to me. I also agree to pay you one-half of a regular commission in the event of other brokers renting any or part of any of the above premises 30 West Thirty-Second street."

The uncontradicted evidence shows that, following said oral agreement, and also subsequent to the receipt of said letter of March 6, 1914, plaintiffs proceeded, by the mailing of circulars and in other ways, to acquaint the business community, plaintiffs' list of clients, and other brokers with the fact that lofts were to rent in said building, and calling attention to the desirable character of the building. Plaintiffs did not succeed in closing any direct deals for the leasing of said lofts, but there is evidence that at least one loft had been leased at an annual rental of $800, and the defendant admitted that the annual rental value of the entire lofts amounted to $44,716; but whether or not these were rented through other brokers does not clearly appear.

The learned court, therefore, erred in granting defendant's motion to dismiss the complaint, and in directing judgment in favor of the defendant.

Judgment must be reversed, and new trial ordered, with $30 costs to appellants to abide the event. All concur.